**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 01-4024

TONY WADDLE MCMANUS,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-00-189, CR-00-190)

Submitted: August 31, 2001

Decided: September 27, 2001

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Dixie T. Wells, SMITH, HELMS, MULLIS & MOORE, L.L.P.,
Greensboro, North Carolina, for Appellant. Benjamin H. White, Jr.,
United States Attorney, Clifton T. Barrett, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Tony Waddle McManus was convicted pursuant to his guilty pleas of two counts of armed bank robbery and one count of carrying and brandishing a firearm during a crime of violence. McManus' attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which she represents that there are no arguable issues of merit in this appeal. Nevertheless, in her brief, counsel addressed the possibility that the district court lacked jurisdiction because the evidence failed to show that the banks were FDIC insured, that McManus' pleas were not knowing or voluntary, and that the district court erred by sentencing McManus as a career offender.[1] McManus filed a pro se supplemental brief alleging that: (1) the career offender enhancement is illegal under the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (2) an uncounseled prior conviction was used to support the career offender enhancement; (3) the evidence was insufficient to convict him of the firearms offense; and (4) counsel were ineffective by failing to prove that his prior convictions did not support a career offender enhancement and by failing to show him the factual basis filed in support of his guilty pleas. Finding no error, we affirm.

The basic facts of this case are relatively straightforward. McManus and two accomplices robbed two banks in North Carolina at gunpoint, netting a total of over $200,000. Police eventually found the getaway vehicle, which contained, among other incriminating evidence, a firearm resembling one of the weapons used during the robberies. The firearm was traced to one of the accomplices.

On direct appeal of a criminal conviction, a "verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). In the present case, the factual basis filed before the Fed. R. Crim. P. 11 hearing clearly stated that the banks were FDIC insured.[2] Therefore, the district court had jurisdiction over this case.

---

[1] *U.S. Sentencing Guidelines Manual* § 4B1.1 (2000).

[2] This fact was also alleged in the indictments.

The factual basis also stated that McManus used a co-defendant's firearm during the second robbery. The transcript of the Rule 11 hearing shows that counsel went over the factual basis with McManus and that it supported his guilty pleas. McManus did not object to any information contained in the factual basis at the Rule 11 hearing.

The record does not support McManus' claim that his pleas were not knowing or voluntary. The district court conducted a thorough plea colloquy, advising McManus of the rights he was giving up, the nature of the offenses, and the potential punishment. McManus informed the court that he was in fact guilty and that he was satisfied with his attorneys' representation.[3] He gave no indication that he was coerced or that he did not understand the nature of his pleas.[4]

McManus claims that he should not have been sentenced as a career offender because his prior conviction for assault on a female was not a qualifying offense. This court rejected a similar argument in *United States v. Johnson*, 114 F.3d 435, 444-45 (4th Cir. 1997). We further reject McManus' assertion that this conviction should not count against him because it was uncounseled. The presentence report shows that McManus voluntarily waived his right to counsel.

We find that McManus' reliance on *Apprendi* is misplaced. The 200-month sentence he received on the bank robbery convictions is well below the twenty-five year statutory maximum. There is nothing in the *Apprendi* decision requiring a jury determination on sentencing enhancements that result in a sentence below the statutory maximum.

Finally, we review claims of ineffective assistance of counsel on direct appeal only when the ineffectiveness "conclusively appears" on the record. *United States v. Smith*, 62 F.3d 641, 651 (4th Cir. 1995). Otherwise, such claims should be raised in the district court in a habeas corpus proceeding rather than in this court by direct appeal. *Id.* In the present case, given our finding that McManus was properly sentenced as a career offender, counsel's failure to prevail on this

---

[3]McManus was represented by three attorneys at the Rule 11 hearing.

[4]Although McManus later filed a motion to withdraw his guilty pleas, he withdrew the motion at sentencing.

issue at sentencing was not clearly deficient. Likewise, the record does not clearly show that counsel were ineffective by failing to show the factual basis to McManus. To the contrary, as discussed above, counsel stated during the Rule 11 hearing that they went over the factual basis with McManus and that it supported his pleas.

We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. The court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We therefore affirm McManus' convictions and sentence. Counsel's current motion to withdraw is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*